**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 13-106-DLB-CJS**

**LESLIE D. MARTIN**                                                        **PLAINTIFF**


**v.**                                    <u>**MEMORANDUM ORDER**</u>


**MATTHEW R. BROWNING, ET AL.**                                **DEFENDANTS**


* * * * * * * * * *

## I.    INTRODUCTION

This matter is before the Court on Plaintiff's Motion for Leave to File Amended Complaint (Doc. # 77).  In her motion, Plaintiff seeks to amend her Complaint, originally filed June 14, 2013, to add Mountain Lake Risk Retention Group, Inc. as a Defendant and bring against them claims of bad faith and of violating the Kentucky Unfair Claims Settlement Practices Act. (Doc. # 77-2 at 16-17).  Defendants filed a Response opposing Plaintiff's Motion on March 30, 2016. (R. 79).  Although the time for the filing of a reply has not yet expired, the Court believes that it can adjudicate the motion without a reply brief. For the reasons set forth herein, Plaintiff's Motion is **DENIED.**

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(1) allows a party to amend its pleadings once as a matter of course at any time before the responsive pleading is served.  After the responsive pleading has been served, Rule 15(a)(2) permits a party to file an amended

pleading "only with the opposing party's written consent or the court's leave." *See also Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005).   Since Plaintiff's Motion To Amend was filed nearly three years after service of the responsive pleading, and since Defendant has not consented to Plaintiff filing the amended pleading, the Court's leave to amend is required.   Rule 15(a)(2) directs the Court to "freely give leave [to amend] when justice so requires." *See also Langley v. Credit Suisse First Boston Corp.*, 89 F. App'x 938, 943 (6th Cir. 2004).   Whether this is an instance where "justice so requires" is a question "committed to the district court's sound discretion."   *See Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (citations omitted).   In determining whether to permit Plaintiff's Motion To Amend, the Court considers "'undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment.'" *McCoy v. Bd. of Educ., Columbus City Sch.*, No. 12-3040, 2013 WL 538953, at *8 (6th Cir. Feb. 13, 2013) (quoting *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458–59 (6th Cir.2001)).

## III.   ANALYSIS

As an initial matter, Plaintiff's Motion is deficient and in violation of the Joint Local Rules governing procedures before the Court for lack of a memorandum in support. The Joint Local Rules state:

> **Generally.** All Motions must state precisely the relief requested. Except for routine motions-such as motions for an extension of time-*each motion must be accompanied by a supporting memorandum. Failure to file a supporting memorandum may be grounds for denying the motion.*

Local Rule 7.1(a). Plaintiff's Motion lacks a memorandum in support, and therefore violates the Local Rule. This alone is sufficient reason to deny the Motion.

2

Turning to the merits, the balancing test of Rule 15 of the Federal Rules of Civil Procedure articulated in *Wade* counsels against granting Plaintiff's Motion for Leave to File Amended Complaint.  Plaintiff's Motion has been filed well beyond the deadline the Court set for filing an Amended Complaint and was unduly delayed.  The original Scheduling Order in this case, filed November 27, 2013, established March 15, 2014, as the due date for motions to amend pleadings or motions to join parties. (Doc. # 18).  Throughout this case, the parties have jointly sought extensions to various discovery related deadlines no fewer than seven times. (See Docs. # 30, 32, 36, 38,  42, 44, & 47).  However, none of these extension requests sought to move the deadline for amending pleadings, and the March 15, 2014, deadline has remained unchanged.  It is only now, two and a half years after filing a Complaint and two years after the deadline for amending pleadings has expired, that Plaintiff requests to amend her Complaint.  The Sixth Circuit has found undue delay in cases where the length of time between the deadline to amend pleadings and the filing of a Motion to Amend was similar to or less than the gap in this case. *Pittman v. Franklin*, 282 F. App'x 418, 425 (6th Cir. 2008) (Motion to Amend filed six months after deadline to amend pleadings had expired); *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452 (6th Cir. 2001) (Motion to Amend filed a year and a half after the initial Complaint).

It is true that "delay by itself is not a reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Wade*, 259 F.3d at 458-59.  However, there would be substantial prejudice to the opposing parties were Plaintiff's Motion to Amend allowed to go forward.  Discovery in this matter has concluded and dispositive Motions are currently before the Court.  To add additional claims and an additional party that may require more

3

discovery among the parties and an even further delay of the proceedings would be prejudicial against the defendants who have already invested so much to advance this litigation to its current stage. *See R.S.W.W., Inc., v. City of Keego Harbor*, 397 F.3d 427, 440-41 (6th Cir. 2005) ("I am not about, at this stage of the proceeding when discovery is closed, to-to add a new party, following which discovery is going to completely reopen on all issues of this case.").

Plaintiff's Motion cites to Rule 15(a)(2) of the Federal Rules of Civil Procedure to support the assertion that "[t]he court should freely grant leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2).  However, this offered Amended Complaint is governed not only by Rule 15 but also by the rules governing joinder of new parties, as the Amended Complaint seeks to bring claims of bad faith and unfair settlement practices against Mountain Lake Risk Retention Group, Inc., who is not currently a defendant in this case. (Doc. # 77-2, at 16-17).  Noncompulsory joinder of additional parties is governed by Rule 20 of the Federal Rules of Civil Procedure.  That rule states that "[t]he court may issue orders—including an order for separate trials—to protect a party against embarrassment, delay, expense, or other prejudice that arises from including a person against whom the party asserts no claim and who asserts no claim against the party." Fed. R. Civ. P. 20(b). This language, along with the language quoted above in *R.S.W.W., Inc., v. City of Keego Harbor*, suggests that denying Plaintiff's Motion to add an additional party is appropriate here.  Plaintiff may bring her claims against Mountain Lake Risk Retention Group, Inc. in a separate action without prejudicing the other defendants in this case by causing the progress in the late stages of the present case to come to a halt or even reverse.

IV.     **CONCLUSION**

Plaintiff's Motion for Leave to File Amended Complaint (Doc. # 77) is deficient per the Local Rules and fails to demonstrate that allowing an Amended Complaint to be filed at this late stage would be "as justice so requires" as defined by Rule 15 of the Federal Rules of Civil Procedure. As Defendants suggest in their response, "Plaintiff's requested amendments to add an additional party and claims are not vital to this suit." (Doc. # 79 at 7).  A separate case is the appropriate venue to bring bad faith claims against a third party in a case such as this.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint (Doc. # 77) is **DENIED.**

This 1st day of April, 2016.

Signed By:

_David L. Bunning_

**United States District Judge**

G:\DATA\ORDERS\Cov13\13-106 Order denying DE 77.wpd