**TO BE PUBLISHED IN FEDERAL SUPPLEMENT 3D**

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

**CIVIL ACTION NO. 13-106 (WOB-CJS)**

**LESLIE D. MARTIN**                                                       **PLAINTIFF**

**VS.**                             **MEMORANDUM OPINION AND ORDER**

**MATTHEW R. BROWNING, ET AL.**                                     **DEFENDANTS**

This case presents a significant *Erie* question: whether a federal court must follow the rule announced by the Supreme Court of Kentucky that evidence of a defendant trucking company's alleged negligence in hiring, training, supervision, entrustment and retention, is admissible, even if the defendant trucking company has admitted liability for the negligence of its driver. *See MV Transp., Inc. v. Allgeier*, 433 S.W.3d 324 (Ky. 2014).[1]

The facts in this case are straightforward. The truck sideswiped plaintiff's car as the two vehicles were proceeding down I-75. All defendants admit 100% liability, including eschewing any claim for apportionment. The Court has previously

---

[1] The *Erie* issue was not argued to the undersigned's predecessor judge before re-assignment of the case. Therefore, the Court will re-consider the prior ruling that such evidence is admissible, even though liability is admitted.

held that there is no evidence to justify a claim for punitive damages. Doc. 81.

It is apparent, therefore, the only remaining issues in the case are those of the plaintiff's damages, including medical expenses, pain and suffering, partial and permanent disability, etc. It is also apparent that issues concerning negligent hiring and training are not relevant to the damages suffered by the plaintiff, since the claim for punitive damages was dismissed.

Nevertheless, plaintiff seeks admission of such evidence citing *Allgeier*. This case does indeed hold that such evidence is admissible under the state rules of civil procedure and evidence. *Allgeier*, 433 S.W.3d at 337.[2]

Prior to *Allgeier*, at least one United States District Court in Kentucky had held such evidence was inadmissible where liability was admitted and there were no claims for punitive damages. *See Oaks v. Wiley Sanders Truck Lines, Inc.*, Civil Action No. 07-45-KSF, 2008 WL 5459136, at *1 (E.D. Ky. Nov. 10, 2008).[3]

The *Allgeier* court observed that the non-preemption rule, which would admit such evidence, "fits more consistently with other aspects of Kentucky law, including the summary judgment

---

[2] The court referred to the rule holding such evidence inadmissible as the "pre-emption rule." *Id.* at 334.

[3] *See also Allgeier*, 433 S.W.3d at 334 (citing other cases so holding).

2

standards." *Allgeier*, 433 S.W.3d at 336 (referring to *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.* (Ky. 1991)).

Kentucky Rule of Civil Procedure 56 differs substantially from the comparable federal rule, but the federal rule is applied, even in diversity cases, in federal courts in Kentucky. Federal Rule of Civil Procedure 56 puts a far greater burden on a plaintiff to survive the summary judgment stage than does the state summary judgment rule as interpreted by *Steelvest.*

The *Allgeier* court emphasized its concern that the preemption procedure "could present a significant departure from our well-established standards for summary judgment and judgment on the pleadings." *Id*. at 335 (citing *Steelvest*, 807 S.W.2d at 480).

### *The Allgeier Decision is not controlling in federal diversity cases*

This Court certainly does not hold that the principles enunciated in *Allgeier* are erroneous when applied in the state courts. The Supreme Court of Kentucky is fully empowered to establish its own rules of procedure and evidence for its own courts.

However, this Court does hold that the *Allgeier* rule would violate the Federal Rules of Evidence if followed in federal court.

As the learned authors of Wright & Miller, *Federal Practice and Procedure* have observed:

3

>Of all the procedural and quasi-procedural rules and practices that are applied in the federal courts, the Federal Rules of Evidence are the least affected by the [*Erie* doctrine]. The governing principle is stated easily. *If a Federal Rule of Evidence covers a disputed point of evidence, the Rule is to be applied even in diversity cases,* and state law is pertinent only if and to the extent the applicable Evidence Rule makes it so.

19 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4512 (2d ed. 2016) (emphasis added).

After further observing that the Federal Rules of Evidence are a federal statute and not even subject to *Erie* analysis, the text continues: "Thus, when a Rule of Evidence seems to control an issue, a court must decide only whether Congress had the constitutional authority to enact the rule and whether Congress intended the rule to control the issue in the particular context." *Id.*

It is further noted in Moore's *Federal Practice* that "the Federal Rules of Evidence ordinarily govern the admissibility of evidence in diversity cases." 17A James Wm. Moore et al., *Moore's Federal Practice* § 124.09[1] (3d ed. 1997). *Accord Wood v. Wal-Mart Stores East, LP*, 576 F. App'x 470, 473 (6th Cir. 2014); *Sims v. Great Am. Life Ins. Co.*, 469 F.3d 870, 878 (10th Cir. 2006); *Legg v. Chopra*, 286 F.3d 286, 289 (6th Cir. 2002).[4]

---

[4]The *Legg* case notes that some state rules of evidence "have substantive aspects." *Legg*, 286 F.3d at 290. But the *Allgeier* rule is not one of them because its application does not result in additional damages. The opinion emphasizes that the plaintiff is entitled to only one recovery for damages, although

4

And, the Supreme Court of the United States has held that, "when the federal law sought to be applied [as opposed to state law] is a congressional statute, the first and chief question for the district court's determination is whether the statute is 'sufficiently broad to control the issue before the Court.'" *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 26 (1988) (quoting *Walker v. Armco Steel Corp.*, 446 U.S. 740, 749-50 (1980)).

The Federal Rules of Evidence do control the present issue; that is, whether irrelevant evidence may be introduced in federal court pursuant to a state court decision.

Federal Rule of Evidence 401 provides that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action."

Applying this principle to the case at bar, whether there was negligent hiring or retention on the part of the defendant truck company is not "of consequence" in determining the amount of damage sustained by the plaintiff.

Further, Federal Rule of Evidence 403 provides: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury . . . . "

---

two theories are submitted to the jury. *Allgeier*, 433 S.W.3d at 336. Therefore, the *Allgeier* rule is not substantive.

Thus, even if the proffered evidence were marginally relevant, the Court would still exclude it under Rule 403.

Therefore, the Court will reconsider and rule inadmissible the evidence of hiring, retention, etc, ruled admissible in its previous order. (Doc. 81).[5]

**SO ORDERED.**

This 2nd day of August, 2016.



Signed By:
William O. Bertelsman
United States District Judge

---

[5] It is worth restating that this evidence would be admissible if there existed viable claims for punitive damages or issues of comparative negligence.